UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL STADLER,


                                        Plaintiff,

                                                            <u>DECISION AND ORDER</u>

                                                            03-CV-6448L


                        v.


JOANNE B. BARNHART,
Commissioner of Social Security,



                                        Defendant.
_____


## INTRODUCTION


        This is an action brought pursuant to 42 U.S.C. §§ 405(g) to review the final

determination of the Commissioner of the Social Security Administration ("the Commissioner")

that Michael Stadler ("plaintiff") is not disabled, and, therefore, is not entitled to benefits under

the Social Security Act ("the Act").  Plaintiff applied for Supplemental Security Income benefits

and disability insurance benefits on November 18 and December 16, 1999 respectively, alleging

a disability onset date of July 20, 1998.  (T. 90, 306).[1]  Plaintiff asserted that he was unable to

work due to pain in both his knees.  (T. 106).


_____

        [1]"T. __" refers to the page of the administrative transcript filed by the Commissioner.

Plaintiff's application was denied initially and on reconsideration.  (T. 59, 63).  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 8, 2001.  (T. 33-55).  On March 5, 2002, the ALJ issued a decision finding that plaintiff was not disabled on the ground that, although plaintiff was unable to perform his past relevant work as a general laborer, he was able to perform the full range of sedentary work.  (T. 22-23).  The ALJ's decision became the final decision of the Commissioner when, on August 11, 2003, the Appeals Council denied plaintiff's request for review.  (T. 7).

Plaintiff then commenced this action, seeking review of the Commissioner's decision. work.  Both plaintiff and the Commissioner have moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).  For the reasons given below, plaintiff's motion is granted, the Commissioner's motion is denied, and the case is remanded for further administrative proceedings.

**DISCUSSION**

**I. Legal Standards and Scope of Review**

When reviewing the Commissioner's final decision under 42 U.S.C. 405(g), the court "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision."  *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (citation omitted).  It does not determine *de novo* whether a claimant is disabled.  *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000) (citation omitted).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made

by an ALJ, and that decision is subject to judicial review on appeal.  A court may not affirm an

ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if

that decision appears to be supported by substantial evidence.  *See Pollard v. Halter*, 377 F.3d

183, 188-89 (2d Cir. 2004) (citation omitted); *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir.

1987).  "Failure to apply the correct legal standards is grounds for reversal."  *Pollard*, 377 F.3d

at 189 (internal quotation marks and citation omitted).

A court's factual review of the Commissioner's decision is limited to the determination

of whether substantial evidence in the record supports the decision.  *See* 42 U.S.C. § 405(g); *see*

*also Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence ... means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Richardson v. Perales*, 402 U.S. 389,

401 (1971)) (internal quotation marks omitted).  It must be "more than a mere scintilla" of

evidence scattered throughout the administrative record.  *Williams ex rel. Williams v. Bowen*,

859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  An ALJ must set forth the crucial factors

justifying his findings with sufficient specificity to allow a court to determine whether

substantial evidence supports the decision.  *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir.

1984).  "To determine on appeal whether an ALJ's findings are supported by substantial

evidence, a reviewing court considers the whole record, examining the evidence from both sides,

because an analysis of the substantiality of the evidence must also include that which detracts

from its weight."  *Williams*, 859 F.2d at 258 (citations omitted).  However, a reviewing court

cannot substitute its interpretation of the administrative record for that of the Commissioner if

the record contains substantial support for the ALJ's decision.  *See* 42 U.S.C. § 405(g);

*Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has the authority to affirm, reverse, or modify a final decision of the

Commissioner with or without remand.  42 U.S.C. § 405(g); *Butts*, 388 F.3d at 385.  Remand is

warranted where there are gaps in the record and further development of the evidence is needed,

or where the ALJ has applied an improper legal standard.  *See Butts*, 388 F.3d at 385; *Rosa v.*

*Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Remand is particularly appropriate where further findings or explanation will clarify the

rationale for the ALJ's decision.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (citation

omitted).  By contrast, reversal and remand solely for calculation of benefits is appropriate when

there is "persuasive proof of disability" and further development of the record would not serve

any purpose.  *Rosa*, 168 F.3d at 83; *Parker*, 626 F.2d at 235; *Carroll v. Sec'y of Health &*

*Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional

evidence particularly appropriate where payment of benefits already delayed for four years and

remand would likely result in further lengthening the "painfully slow process" of determining

disability).  However, absent sufficient evidence of disability, delay alone is not a valid basis for

remand solely for calculation of benefits.  *See Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996)

(citation omitted).


## II. Appeals Council's Failure to Discuss Report of Plaintiff's Treating Psychiatrist

While plaintiff's appeal of the ALJ's decision was pending before the Appeals Council,

plaintiff submitted to the Appeals Council a residual functional capacity ("RFC") evaluation

dated March 27, 2002, which had been prepared by plaintiff's treating psychiatrist, Dr. Rahman.
(T. 361-65).  In it, Dr. Rahman stated that plaintiff had moderate impairments of his abilities to:
understand and remember instructions and work procedures in a stressful work situation; work
and get along with other people; concentrate; and make simple work-related decisions.  (T. 362-
64).  He also stated that plaintiff suffered from a marked impairment of his ability to respond
appropriately to supervision, adding that plaintiff was "[u]nable to accept constructive criticism
... ."  (T. 362).  Dr. Rahman added that plaintiff's condition was likely to deteriorate if he were
placed under stress, stating that plaintiff was "unable to cope with stressful environment[,]
especially [in a] job situation."  (T. 364).

In its decision, the Appeals Council told plaintiff that it had "considered the reasons you
disagree with the [ALJ's] decision and the additional evidence listed on the enclosed Order of
Appeals Council."  (T. 7).  One such item of evidence was Dr. Rahman's March 27, 2002 report.
(T. 10).  The Appeals Council, however, did not discuss the contents of Dr. Rahman's report,
stating simply, with respect to all of the information before it, that the Appeals Council "found
that this information does not provide a basis for changing the Administrative Law Judge's
decision."  (T. 8).

This was error.  It has long been recognized that the opinion of a treating medical source
is given controlling weight if it is well supported by medical findings and not inconsistent with
other substantial evidence.  *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003); *Rosa*,
168 F.3d at 78; *see also* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2).  This rule applies to
opinions of treating psychiatrists as well.  See 20 C.F.R. 404.1527(a)(2) (referring to physicians,

psychologists and other treating sources); *Steficek v. Barnhart*, ___ F.Supp.2d ___, 2006 WL 3411525, at *3 (W.D.N.Y. Nov. 28, 2006).

When controlling weight is not given to a treating source's medical opinion, the ALJ must explain his reasons for the weight he does assign to that opinion. *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000); *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("Failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand") (internal quotations omitted). *See also* 20 C.F.R. § 404.1527(f)(2)(ii) ("Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources"). The regulations further provide that "[w]hen the Appeals Council makes a decision, it will follow the same rules for considering opinion evidence as administrative law judges follow," 20 C.F.R. § 404.1527(f)(3), and that "[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(d)(2).

The Appeals Council not explain what weight it gave to Dr. Rahman's opinions or why. That omission is all the more glaring in this case because it is apparent that the Appeals Council gave those opinions little if any weight. As stated, Dr. Rahman opined that plaintiff suffered from a marked impairment of his ability to respond appropriately to supervision. According to the Commissioner,

> [t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; *to respond appropriately to supervision*, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of

- 6 -

> ability to meet *any* of these basic work-related activities would severely limit the
> potential occupational base.  This, in turn, *would justify a finding of disability* because
> even favorable age, education, or work experience will not offset such a severely limited
> occupational base.

SSR 85-15 (emphasis added).  Since the Appeals Council concluded that nothing in Dr.

Rahman's report warranted reversal of the ALJ's decision, it must therefore have given little or

no weight to his opinion that plaintiff had difficulty responding appropriately to supervision.

I conclude, therefore, that the Appeals Council erred by "fail[ing] to follow the

requirements of the Commissioner's regulation in summarily concluding, without 'good reasons'

stated, that the new evidence submitted by plaintiff's counsel to it was insufficient to disturb the

ALJ's determination."  *Rice v. Barnhart*, No. 03-Cv-6222, 2005 WL 3555512, at *13 (W.D.N.Y.

Dec. 22, 2005).  The case must therefore be remanded for further administrative proceedings.

*Id.*; *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("Failure to provide 'good reasons'

for not crediting the opinion of a claimant's treating physician is a ground for remand").

## III. Other Errors in the Administrative Proceedings

In addition to the Appeals Council's failure to address Dr. Rahman's report, I note

several other problems with both the Commissioner's and the ALJ's decisions.  First, Dr.

Rahman indicated at several places in his report that plaintiff had difficulties dealing with

stressful work environments.  Because stress is "highly individualized," mentally impaired

individuals "may have difficulty meeting the requirements of even so-called 'low-stress' jobs,"

and the Commissioner must therefore make specific findings about the nature of a claimant's

stress, the circumstances that trigger it, and how those factors affect his ability to work.  SSR

85-15; *Lancellotta v. Secretary of Health and Human Servs.*, 806 F.2d 284, 285 (1st Cir. 1986);

*Weiler v. Shalala*, 922 F.Supp. 689, 699-700 (D.Mass. 1996); *see also Welch v. Chater*, 923

F.Supp. 17, 21 (W.D.N.Y. 1996) ("Although a particular job may appear to involve little stress,

it may, in fact, be stressful and beyond the capabilities of an individual with particular mental

impairments").  The Appeals Council failed to make such findings here.

In addition, the ALJ based her finding that plaintiff was not disabled on her application

of the Medical-Vocational Guidelines, or "grids."  (T. 22).  Sole reliance on the grids may be

improper, however, "where the claimant's exertional impairments are compounded by

significant nonexertional impairments that limit the range of sedentary work that the claimant

can perform."  *Rosa*, 168 F.3d at 78.  In such circumstances, it may be necessary to consult a

vocational expert.  *See* SSR 96-9p; *Rosa*, 168 F.3d at 82; *Dailey v. Barnhart*, 277 F.Supp.2d 226,

237 (W.D.N.Y. 2003).  As noted, Dr. Rahman found that plaintiff suffered from moderate to

marked impairments in a number of areas.  On remand, therefore, it may be advisable to take the

testimony of a vocational expert.[2]

It also appears that the ALJ may have misapplied the duration requirement for disability

benefits.  She stated in her decision that "[t]here is no evidence that the claimant's bipolar

disorder/psychosis constitutes a 'severe' impairment inasmuch as it does not meet the twelve-

month duration requirement."  (T. 20).  This was an apparent reference to the definition of

--------

[2]The ALJ's decision was also confusing with respect to the extent of plaintiff's physical impairments.  The ALJ stated that plaintiff could "perform a full range of sedentary work or work that involves the occasional lifting, carrying, pushing and pulling of ten pounds, five pounds occasionally."  (T. 22).  It is unclear from this if the ALJ found that plaintiff could occasionally lift ten pounds, or only five.  If she meant the latter, that would be an additional reason for consulting a vocational expert.  *See* SSR 96-9p ("For individuals with limitations in lifting or carrying weights between [one or two pounds and ten pounds], consultation with a vocational resource may be appropriate."

"disability" as "the inability to do any substantial gainful activity by reason of any medically
determinable physical or mental impairment which can be expected to result in death or which
has lasted or can be expected to last for a continuous period of not less than 12 months."  20
C.F.R. § 404.1505(a).

An impairment's *severity*, however, is not the same as, nor is it dependent upon, its
duration.  The Commissioner has stated that "[a]djudication on the basis of 'insufficient
duration,' ... indicates that a claim which would have been allowed must instead be denied
because the claimant's impairment was not or will not be disabling for at least 12 months."  SSR
82-52.  Thus, "[d]enial for insufficient duration is applicable in all cases" in which the
impairment "was or is of such severity that the claimant was or is unable to engage in any SGA
(or any gainful activity); but ... [b]y the end of 12 months, the impairment is, or will be, no
longer of such severity as to prevent SGA."  *Id.*  To state that an impairment is not severe
because it does not meet the twelve-month requirement, then, is inconsistent with the
Commissioner's own interpretation of the regulations.

The Commissioner has also directed that

[a]ll cases denied on the basis of insufficient duration must state clearly in the denial
rationale that either:

      1. Within 12 months of onset, there was or is expected to be sufficient restoration
      of function so that there is or will be no significant limitation of the ability to
      perform basic work-related functions; or

      2. Within 12 months of onset, there was or is expected to be sufficient restoration
      of function so that in spite of significant remaining limitations the individual
      should be able to do past relevant work or otherwise engage in SGA, considering
      pertinent vocational factors.

In the latter case, a thorough documentation, evaluation, and rationalization of the
claimant's RFC, work history, and vocational potential will be necessary.

*Id.* (citation omitted).  Here, the ALJ's brief statement that plaintiff "has no prior history of a

psychiatric condition other than one [eleven-day] inpatient admission," and her reference to

plaintiff's testimony that "the medication for anxiety relieves this condition" (T. 20) did not

satisfy these requirements.


## IV. Remand for Further Administrative Proceedings

For all these reasons, the Commissioner's decision must be reversed and remanded for

further administrative proceedings consistent with this Decision and Order.  "'Where there are

gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on

numerous occasions, remanded to the [Commissioner] for further development of the

evidence.'"  *Rosa*, 168 F.3d at 82-83 (quoting *Pratts*, 94 F.3d at 39).

On remand, the ALJ should consider Dr. Rahman's report that plaintiff submitted to the

Appeals Council after the ALJ issued his decision.  *See Rice*, 2005 WL 3555512, at *14

(remanding for consideration of physician's report that had been submitted to Appeals Council

following ALJ's decision); *La Patra v. Barnhart*, 402 F.Supp.2d 429, 431-32 (W.D.N.Y. 2005)

("The ALJ should weigh this treating source opinion in accordance with 20 C.F.R. §

404.1527(d), and reevaluate plaintiff's non-exertional limitations").  The ALJ should provide

good reasons for the degree of weight to be given to Dr. Rahman's opinions.  In doing so, the

ALJ should also address Dr. Rahman's statements concerning plaintiff's difficulties handling

stress, and consider how those difficulties affect plaintiff's ability to work.  The ALJ should also

consider whether, in light of plaintiff's nonexertional impairments, a vocational expert should be

called to testify.  If the ALJ determines that plaintiff has not met the twelve-month durational

requirement, the ALJ must make sufficiently detailed factual findings to support that

determination, as explained above.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings (Dkt. #6) is granted, and the

Commissioner's motion (Dkt. #3) is denied.  The final decision of the Commissioner is reversed.

The case is remanded for further administrative proceedings consistent with this Decision and

Order, pursuant to the fourth sentence of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         December 11, 2006.